SPEED PRODUCTS CO., Inc. v. TINNER-
MAN PRODUCTS, Inc., et al.

No. 9700.

United States Court of Appeals
District of Columbia.

Argued Jan. 26, 1948.

Decided May 18, 1948.

Mr. Charles M. Palmer, with whom Mr.
Harry Price was on the brief, for appel-
lant.

Mr. Albert R. Teare, with whom Mr.
Herman G. Lombard, who entered an ap-
pearance, was on the brief, for appellee
Tinnerman Products, Inc.

Mr. E. L. Reynolds, U. S. Patent Office,
for appellee Lawrence C. Kingsland.
Messrs. W. W. Cochran, Solicitor, U. S.
Patent Office, and Joseph Schimmel, U. S.
Patent Office, also entered appearances for
appellee Lawrence C. Kingsland.

Before STEPHENS, CLARK and WIL-
BUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is a special appeal from two orders
of the District Court of the United States
for the District of Columbia, one enjoining

the appellant Speed Products Company, Inc., from proceeding in the United States District Court for the Southern District of New York with an action there pending between the appellant and the appellee Tinnerman Products, Inc., until after the jurisdiction of the District of Columbia court had been exhausted in the instant proceeding; the other advancing the instant proceeding for trial. The principal question on the appeal is whether or not the injunction was properly issued. The facts are as follows:

On May 22, 1943, Speed Products made application in the United States Patent Office for registration of a trade-mark comprising an ornamental design and the expression "Speed" applicable to office specialties such as perforating and fastening devices, stapling machines, and the like. The application was opposed by Tinnerman as the owner of several trade-marks containing the word "Speed" applicable to hardware products. The Patent Office sustained the opposition, and on July 1, 1946, denied Speed Products' application. On November 7, 1946, in the District of Columbia court Speed Products commenced an action, under Rev.Stat. § 4915 (1878), 35 U.S.C.A. § 63, against the Commissioner of Patents seeking a decree directing him to register the trade-mark applied for. On November 14, 1946, Speed Products commenced action in the New York court against Tinnerman. Its complaint in that suit in a first cause of action, again founded upon Rev.Stat. § 4915, also sought a decree directing the Commissioner of Patents to register the trade-mark applied for. A second cause of action sought a declaratory judgment that none of Tinnerman's trade-marks was infringed by Speed Products and an injunction restraining Tinnerman from threatening Speed Products or its customers with infringement suits. On December 5, 1946, the Commissioner appeared in the District of Columbia court by answer. On the same date Tinnerman applied for (and on December 18 was granted) permission by the District of Columbia court to intervene, as an answering defendant and counterclaimant, in the Speed Products action against the Commissioner in that court.

Tinnerman's answer resisted registration of the trade-mark applied for by Speed Products; and its counterclaim prayed for a declaratory judgment that its own trade-marks were valid, for an injunction against infringement thereof by Speed Products, and for damages for alleged infringement. On December 27, 1946, Tinnerman moved in the New York court for dismissal of the first cause of action therein upon the ground that that court lacked jurisdiction to proceed under Rev.Stat. § 4915 in the absence of the Commissioner as a party. Tinnerman moved also that the second cause of action be stayed upon the ground that the issues therein had been raised by his counterclaim in the proceeding in the District of Columbia court. On March 27, 1947, the New York court denied both motions. It held that it could properly proceed with the first cause of action under Rev.Stat. § 4915 despite the absence of the Commissioner as a party; and it ruled that the second cause of action ought not be stayed since the jurisdiction of the New York court had attached first as to that cause. Speed Products Co., Inc. v. Tinnerman Products, Inc., 73 U.S.P.Q. 181.

In the fall of 1947 it became apparent to Speed Products and Tinnerman that the two suits, the one in the District of Columbia court and the other in the New York court, would be reached for trial at about the same time. Both parties moved in the District of Columbia court to have the time of trial in that court changed. Specifically, Tinnerman on September 25, 1947, moved for an order advancing the date of trial; Speed Products on October 13, 1947, moved for an order suspending proceedings until the action in the New York court had been tried—this upon the ground that the New York action was prior as between Speed Products and Tinnerman and that the New York forum was the more convenient for the parties. Then Tinnerman on October 15, 1947, again in the District of Columbia court, moved for an order enjoining Speed Products from proceeding in the New York court until the action in the District of Columbia court had been tried. The District of Columbia court heard all of these motions at the same time and on November 3, 1947,

entered two orders. In one, responsive in part to the Tinnerman motion of October 15 just described, it enjoined Speed Products from proceeding in the New York court with the first cause of action therein, *i. e.,* the action under Rev.Stat. § 4915. In a second order it directed that trial of the issue arising under the Speed Products complaint and the Tinnerman answer in the District of Columbia court, *i. e.,* the Rev.Stat. § 4915 action therein, should be advanced; it ordered also that the trial of the issues arising under the Speed Products complaint and the Tinnerman counterclaim should be stayed until trial of the same issues had been had in the New York court. Speed Products then filed (under D.C.Code (1940) § 17—101) a petition for allowance of a special appeal from the first order enjoining it from proceeding with the Rev.Stat. § 4915 action in the New York court, and from that portion of the second order advancing for trial in the District of Columbia court the Rev.Stat. § 4915 action therein. We allowed the appeal.

■ Three principal questions are raised by the appellant Speed Products with respect to the granting of the injunction. First, did the District of Columbia court have jurisdiction to proceed against the Commissioner of Patents alone. It is contended that the Commissioner was not a proper party and that the court therefore did not have jurisdiction. This question is answered by Tomlinson of High Point v. Coe, 1941, 74 App.D.C. 364, 123 F.2d 65. There Tomlinson, a manufacturer of furniture, sought in the Patent Office to register as a trade-mark the term "The Williamsburg Galleries." This was first held by the Commissioner to be registrable and was published in the Official Gazette. Thereafter an opposition to the registration, based upon the use of a similar trade-name, was filed by Colonial Williamsburg, Inc. The Examiner of Interferences sustained this opposition and the Commissioner of Patents affirmed. Tomlinson then brought suit against the Commissioner in the District Court of the United States for the District of Columbia under Rev.Stat. § 4915, not joining Colonial Williamsburg, Inc., as a defendant. The Commissioner moved to dismiss upon the ground that he was not a proper party, and the District Court granted the motion. On appeal we reversed, holding that the Commissioner was a proper party. We distinguished Coe v. Hobart Mfg. Co., 1939, 70 App.D.C. 2, 102 F.2d 270, and J. C. Eno (U. S.) Limited v. Coe, 1939, 70 App.D.C. 337, 106 F.2d 858. Speed Products attempts to distinguish the Tomlinson case from the instant case upon the ground that in the former the opposing party in the Patent Office had not a registered trade-mark but only a trade-name. But this distinction is relevant only to the question of the correctness of the decision of the Commissioner, not to the question whether under Rev.Stat. § 4915 the District Court had jurisdiction to entertain the action against the Commissioner alone to compel the registration of the trade-mark.

■ The second question is whether or not the District of Columbia court had power to enjoin Speed Products from proceeding with the New York action. The law on this question is well settled. Where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first, and an injunction to accomplish this is proper. This is recognized by three cases: Triangle Conduit & Cable Co. v. National Elec. P. Corp., 3 Cir., 1942, 125 F.2d 1008, certiorari denied 1942, 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 1944, 143 F.2d 1012. For example, in the second of the three cases cited the Hazeltine Corporation, after first giving formal notice to the Crosley Corporation that it was infringing twenty-two of Hazeltine's patents, sued Crosley in a United States District Court in Ohio alleging infringement of two of the twenty-two patents referred to. Thereafter Crosley brought suit against Hazeltine in the United States District Court in Delaware seeking a de-

claratory judgment as to the validity and infringement of the remaining twenty patents specified in the Hazeltine notice. Still later Hazeltine filed several suits in the District Court in Ohio seeking decrees that Crosley had infringed fifteen of the patents specified in the notice, all of these being involved in the declaratory judgment action commenced by Crosley. Crosley then moved the District Court in Delaware to enjoin Hazeltine from proceeding with the suits in Ohio involving the fifteen patents until the Delaware court had decided the declaratory judgment suit. The District Court in Delaware denied the Crosley motion. The Circuit Court of Appeals reversed. It put the problem as follows:

We are thus called upon to determine whether a United States district court which first obtains jurisdiction of the parties and issues may, and under the circumstances of this case should, enjoin proceedings involving the same issues and parties begun thereafter in another United States district court. To put it in other words, does a district court have the power to issue such an injunction and if it does, was it an abuse of discretion to deny such an injunction under the circumstances of this case? [122 F.2d at page 927]

It concluded that the District Court had the power to issue the injunction and that it had abused its discretion in declining to do so.

■ The third question is whether or not the District of Columbia court should, in the circumstances of the instant case, have exercised its power and enjoined— as it did—Speed Products from proceeding in the New York court. The answer to this question is in the negative for the reason that the action in the New York court was the first of the two actions between Speed Products and Tinnerman. We rest our decision on this point on the Cresta Blanca Wine case above cited. In that case Cresta Blanca Wine Company, a wholly owned subsidiary of Schenley Distillers Corporation, sued Eastern Wine Corporation in a United States District Court in New York praying for a declaratory judgment that Cresta Blanca had a right to the use of "Cresta Blanca" as a trade-mark for certain of its wines, and charging that this trade-mark was infringed by Eastern's use of the trade-mark "Casa Blanca" for its wines. East-

ern, defendant in the New York suit, then brought an action as plaintiff against Cresta Blanca and Schenley as defendants in the United States District Court in Delaware charging trade-mark infringement by Cresta Blanca's use of its trade-mark "Cresta Blanca." Schenley, the parent corporation of Cresta Blanca, then applied for leave to intervene in the New York action, and both Cresta Blanca and Schenley prayed the New York court to stay further proceedings in the Delaware suit until final determination of the New York case. The New York court denied both Schenley's application for intervention and the prayer of Cresta Blanca and Schenley for a stay of the Delaware proceeding. On appeal the Circuit Court of Appeals ruled that Cresta Blanca was entitled to have the Delaware action stayed as against it but not as against Schenley (this apparently upon the theory that Cresta Blanca could obtain a stay only in its own interest and not in the interest of another party to the Delaware suit, to wit, Schenley). The theory of Schenley's attempted intervention in the New York suit was that intervention, if allowed, would relate back to the time of the institution of that suit by Cresta Blanca and that therefore Schenley, as well as Cresta Blanca, would be entitled to enjoin Eastern from proceeding in the Delaware court upon the theory that the New York action as to both Schenley and Cresta Blanca was first. But the Circuit Court of Appeals held that the Schenley intervention if allowed would not relate back to the date of the commencement of the New York suit by Cresta Blanca, and that that being true and the Schenley application to intervene being subsequent to the commencement of the Delaware suit, Eastern in the latter could, if intervention were allowed to Schenley in New York, secure restraint of Schenley's New York proceeding as second in time. Hence, ruled the Circuit Court of Appeals, there was no reason for allowing intervention by Schenley in the New York action. Specifically the court said:

There remains for consideration Schenley's appeal. Schenley was not entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The application was for permissive intervention under Rule 24(b). We see no abuse

of discretion in denying it. Eastern sued Schenley in Delaware before Schenley applied for intervention in the New York suit. It can hardly be said that intervention, had it been granted, would have related back to the filing of Cresta's complaint. Therefore Schenley's proposed intervention against Eastern would have been the later action between them and the very principle Schenley invokes would require staying the New York action rather than the Delaware suit. . . . [143 F.2d at page 1014]

■ It follows that the injunction in the instant case should not have been granted. The Tinnerman application for intervention in the Speed Products suit in the District of Columbia court did not relate back to the date of the commencement of that suit. Accordingly the New York action of Speed Products against Tinnerman was first in time and should be allowed to proceed. It follows also from the foregoing that the order of the District of Columbia court to advance for trial the suit therein must be set aside.

■ It may be urged that to set aside the injunction and thus permit the action in the New York court to proceed first is to legitimatize the bringing of two suits by a plaintiff against the same defendant on the same cause of action in two different jurisdictions at substantially the same time and that such duplication with consequent burden to the courts should not be permitted. The answer to this is that Speed Products brought no action against Tinnerman in the District of Columbia court, but only in the New York court. It had a right to sue Tinnerman in New York if it saw fit to do so. It is true that the relief prayed for in the first cause of action in the New York suit was a decree that Speed Products is entitled to registration in the Patent Office of the trade-mark applied for, and directing the Commissioner to register it. But the Commissioner was not made a party to the New York suit and as the New York court ruled, Speed Products Co., Inc. v. Tinnerman Products, Inc., cited above, his presence as a party was not necessary. To this effect see also Century Distilling Co. v. Continental Distilling Co., 3 Cir., 1939, 106 F.2d 486. The decree sought was therefore, in effect, one for a declaration of rights as against Tinnerman.

We, therefore, reverse the order of November 3, 1947, enjoining Speed Products from proceeding in the New York court with the first cause of action therein, and we reverse also that part of the second order of November 3, 1947, which directed the trial of the issue arising under the Speed Products complaint and the Tinnerman answer in the District of Columbia court to be advanced.

Reversed and remanded.