## SCHOPEN v. WESTWOOD PHARMA-CAL CORP. et al.

### Civ. A. No. 4188.

United States District Court
W. D. New York.

April 27, 1951.

Harrison, Spangenberg & Hull, Cleveland, Ohio, for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear, Hugh McM. Russ and Robert H. Daley, all of Buffalo, N. Y., for defendants.

KNIGHT, Chief Judge.

On March 6, 1951, plaintiff filed a motion for an order dismissing this action, without prejudice, under Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

It appears that the plaintiff, in April, 1949, commenced an action against McKesson & Robbins, Inc. in the Court of Common Pleas, County of Cuyahoga, State of Ohio. On May 11, 1949, plaintiff commenced this action against these defendants in this Court. In June, 1950, plaintiff amended his complaint in the action in the Court of Common Pleas to include these defendants and promptly attached property of these defendants in the State of Ohio. These defendants appeared generally in the action in the Court of Common Pleas and effected a cancellation of the writ of attachment. On August 11, 1950, the action in the Court of Common Pleas was removed to the District Court of the United States for the Northern District of Ohio, Eastern Division.

In the meantime, between May 11, 1949, and August 11, 1950, it appears that the activities in the action in this Court were as follows:

May 11, 1949—Complaint filed
August 12, 1949—Defendants' motion to make more definite and certain
September 21, 1949—Interrogatories submitted by plaintiff
September 30, 1949—Stipulation to make complaint more definite and certain pursuant to Court Order
    Defendant filed objections to interrogatories
October 10, 1949—Answer filed
November 7, 1949—Decision limiting interrogatories filed
March 15, 1950—Answers to plaintiffs interrogatories filed
July 17, 1950—Plaintiffs motion for oral examination of defendants
    Stipulation adjourning plaintiffs' oral examination

and after August 11, 1950, as follows:

December 4, 1950—Plaintiff filed note of issue
December 7, 1950—Defendants' motion to quash subpoena duces tecum
December 20, 1950—Decision on motion to quash filed
December 27, 1950—Order limiting subpoena duces tecum filed
January 29, 1951—Discussion with Judge Knight re content of order of examination
January 31, 1951—
February 2, 1951—Examination before trial of defendants (over 500 pages of transcript filed)
March 6, 1951—Defendants filed interrogatories
March 8, 1951—Pre-trial conference

The only activity in the Federal Court in Ohio appears to have been that subsequent to the removal of the action from the Court of Common Pleas to that Federal Court on August 11, 1950, the defendants filed their answer on February 7, 1951.

Plaintiff admits that McKesson & Robbins, Inc. (not a necessary or indispensable party, but only a proper party) could have been sued in this Court. It is also admitted by plaintiff that the proceedings had and taken in this action could as well have been taken in the action in the Federal Court in Ohio.

No effort was made by the plaintiff to dismiss the action in this Court after the removal of the action in the Court of Common Pleas to the Federal Court in Ohio, until the present motion. Plaintiff filed a note of issue for the trial of this action at the March 1951 Term of this Court. At the call of the calendar for the March Term, plaintiff asked to have the case held pending the determination of this motion. No note of issue has been filed in the Ohio action. Trial of the action in this Court may be had at any time without delay.

The case of Bolten v. General Motors Corporation, 7 Cir., 180 F.2d 379, relied upon by the plaintiff as authority to sustain his position that he has an absolute right of dismissal, is not conclusive. In that case the Court said, 180 F.2d at page 382: "Of course, it is not difficult to visualize a situation where the defendant in the course of a proceeding has acquired such legal rights of a substantive nature that it could not be adequately protected by any 'terms and conditions' which the court might impose as a prerequisite to the right of the plaintiff to dismiss, but we are not now confronted with such a situation."

It is not disputed that both actions arose out of an identical set of circumstances and events. All of the activity in getting the issues confined and framed have been in the action in this Court. The trial and determination of this action would, in all probability, be res judicata in the disposition of the Ohio action insofar as these defendants are concerned.

To start afresh in the Ohio action would certainly place the defendants at a disad-

vantage and cause them to lose rights which they have gained in this action. The action in this Court was the first action brought in a Federal court against these defendants. Speed Products Co. v. Tinnerman Products, 83 U.S.App.D.C. 243, 171 F.2d 727. This Court having first acquired jurisdiction of the subject should retain such jurisdiction and finally dispose of the issues involved. Food Fair Stores, Inc., v. Square Deal Market Co., Inc., D.C.Cir., 187 F.2d 219; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925; Smith v. McIver, 9 Wheat. 532, 535, 6 L.Ed. 152.

Plaintiff's motion to dismiss the complaint, without prejudice, is denied.