**GANTNER & MATTERN CO. v. SWITZER BROS. Inc. et al.**

No. 30249.

United States District Court, N. D. California, S. D.

June 25, 1951.

Morse Erskine (of Erskine, Pillsbury & Tully), San Francisco, Cal., W. Bruce Beckley (of Boyken, Mohler & Beckley), San Francisco, Cal., for Gantner & Mattern Co.

Albert L. Ely, Jr. (of Ely & Frye), Cleveland, Ohio, John F. Porter (of Lillick, Geary, Olson, Adams & Charles), San Francisco, Cal., for Switzer Brothers, Inc.

OLIVER J. CARTER, District Judge.

Before the court are two motions made under the Federal Rules of Civil Procedure, 28 U.S.C.A. one by the plaintiff for the production of documents under Rule 34, and one by the defendant, Switzer Brothers, Inc., under the provisions of Rule 6(b), to extend or enlarge its time in which to respond or take any other action in this case until fifteen days following the determination of an appeal now being taken by said defendant to the United States Court of Appeals for the 7th Circuit, from an order denying an injunction made by the United States District Court for the Northern District of Illinois, Eastern Division, in the case of Switzer Brothers, Inc., plaintiff, v. Gantner & Mattern Company, defendant, Civil Action No. 50 C 1355, hereinafter referred to as the Illinois action.

The same factual situation is applicable to both motions, and therefore both motions will be disposed of in accordance with the

facts herein set forth. Extensive affidavits have been filed on behalf of both plaintiff and defendant in support of their respective positions. The plaintiff here, Gantner & Mattern Company, a California corporation, is the defendant named in the Illinois action, and one of the defendants here, Switzer Brothers, Inc., an Ohio corporation, is the plaintiff in the Illinois action. There are two additional defendants here, Robert C. Switzer and Joseph L. Switzer, who are not named as plaintiffs in the Illinois action. Since the position of the major parties as to plaintiff and defendant is reversed in the two actions, this opinion will refer to Gantner & Mattern Company as Gantner, and Switzer Brothers, Inc. as Switzer, in order to avoid confusion.

Gantner filed its complaint in this action on December 15, 1950, and its amended complaint before appearance by any of the named defendants on December 26, 1950. Pursuant to that complaint, a temporary restraining order and a preliminary injunction have been issued by this court and various motions have been made by Gantner for the production of documents and service of parties, etc., to which opposition has been made by Switzer without making any responsive pleading or motion until its motion to extend and enlarge times under Rule 6(b) was made on February 6, 1951. While counsel for Switzer has verbally suggested that this court does not have jurisdiction over the person of any of the defendants named in this action, it has not yet raised this question in the manner set forth in the rules. It seeks by this motion to extend times under the provisions of Rule 6(b) to avoid making any responsive pleading or motion to the complaint on file herein, and in essence Switzer's motion here is a plea in abatement to stay further proceedings in this action upon the ground that a prior action, involving the same parties and the same subject matter, is pending in another United States District Court, a court of equal jurisdiction with this court.

Bearing in mind that the pendency of another action, in order to be available as a ground for abatement, must be properly presented to the court, and is to be strictly construed because of its dilatory nature

Also bearing in mind the language of Rule 6(b), and its obvious purpose, it is difficult to see how any fair interpretation of the rule will permit its use for the purpose of making such a plea. The pertinent portion of this rule provides that: "When by these rules * * * an act is required * * within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect".

Since Switzer has failed to make any responsive pleading or motion within the time permitted under the provisions of Rule 12, it must necessarily rely upon the provisions of subsection 2 which provide that the period of time can only be enlarged where the failure to act was the result of excusable neglect. The position of Switzer here is just to the contrary. It affirmatively asserts that this court must extend its time to respond or otherwise proceed in this action until a decision is made by another court in another action, not because of any neglect or mistake on its part, but because of the alleged multiplicity of actions brought on by plaintiff's action in this court.

The record shows that Switzer commenced its action for declaratory relief, for specific performance and for an injunction against Gantner in the Illinois Court on September 27, 1950, placing in issue two contracts between the parties. The first contract in point of time was entered into on January 17, 1949, and was a license and agency agreement in which Switzer granted to Gantner an exclusive license to manufacture, use and sell swimwear under certain patents and the trademark Day-Glo. This contract will hereinafter be referred to as the Swimwear Contract. It was the subject of paragraphs 8, 9, 10, 11 and 12 of the complaint and paragraph 4 of the prayer in the Illinois action, and is (as subsequently amended) also the subject of the action before this court. The second contract in point of time was entered into by the par-

ties on August 10, 1949, and is an agency agreement in which the parties granted one another the right to issue certain patent trademark licenses to others under certain patents owned or controlled by Switzer and the trademark Coldfire owned by Gantner for the manufacture, use and sale of items of apparel (excluding swimwear.) This contract will hereinafter be referred to as the Coldfire Contract. It was the subject of paragraphs 4, 5, 6 and 7 of the complaint and paragraphs 1, 2 and 3 of the prayer in the Illinois action. A temporary restraining order was issued out of the Illinois Court on September 27, 1950, restraining Gantner from "bringing any suit in any other court under the aforesaid contract of August 10, 1949 or related contracts * * * ." This restraining order has been continued in effect by stipulation of the parties. At the same time Switzer sought and was denied a preliminary injunction under the contract of January 17, 1949 (the Swimwear Contract). From the order denying its request for a preliminary injunction, Switzer appealed to the Court of Appeals for the 7th Circuit. Thereafter the parties settled their differences relating to the Swimwear Contract by entering into a modification of that contract on October 23, 1949, and on October 26, 1949, pursuant to stipulation of the parties, paragraphs 8, 9, 10, 11 and 12 (and paragraph 4 of the prayer) of the complaint in the Illinois action relating to the Swimwear Contract, together with Switzer's appeal from the order denying Switzer's motion for a preliminary injunction, were dismissed.

After the settlement of the Swimwear Contract, Gantner, on November 10, 1950, filed its answer in the Illinois action to the remaining portions of the complaint therein, and also filed a counter-claim relating to said Coldfire Contract.

Apparently the agreement of the parties as to the meaning of the Swimwear Contract was short lived, because on November 29, 1950 Switzer notified Gantner in writing that the Swimwear Contract was terminated and cancelled. On December 1, 1950 Gantner filed a motion in the Illinois action to amend its counter-claim to state a cause of action on the Swimwear Contract as amended. On December 5, 1950 the Illinois Court made the following order: "8. Defendant's (Gantner's) motion to amend defendant's (Gantner's) counter-claim is granted, and defendant (Gantner) shall have to and including December 15, 1950 to file the same, insofar as it relates to the license and agency agreement (as amended), dated January 17, 1949. Plaintiff (Switzer) shall have until January 15, 1951 to plead thereto."

Gantner never filed a counter-claim as permitted by this order, but instead commenced this action in this court on December 15, 1950, which action is based upon the Swimwear Contract as amended, and also states a separate cause of action against Robert C. Switzer and Joseph L. Switzer, who are not parties to the Illinois action. Switzer moved in the Illinois action to restrain the prosecution of this action by Gantner, and on January 16, 1951 the Illinois Court denied the motion, and from the order denying the motion Switzer has appealed to the Court of Appeals for the 7th Circuit. On February 26, 1951 the Illinois Court entered its findings of fact and conclusions of law[1], concluding, among

1. "1. The court has jurisdiction of the parties and the subject matter of said Coldfire Agreement.

"2. This court does not have jurisdiction of the subject matter of, or the issues and controversies between the parties relating to, said Swimwear Agreement.

"3. This court does not have jurisdiction of the subject matter or the issues of the California action.

"4. The restraining order of September 27, 1950 did not relate to said Swimwear Agreement and imposed no restraint upon defendant in connection with said agreement.

"5. By the order of October 26, 1950, the subject matter of and issues relating to said Swimwear Agreement were dismissed from this action and this court no longer retained jurisdiction thereof.

"6. The counterclaim (leave to file which was granted by said order of December 5, 1950) was a permissive counterclaim and not a compulsory counterclaim, the cause of action involved therein having arisen after the filing of defendant's answer.

other things, that the Illinois Court does not have jurisdiction of the subject matter of, or the issues and controversies between, Gantner and Switzer relating to said Swimwear Contract, and that therefore it did not have jurisdiction of the subject matter of this action.

The position of Switzer in this action, in attempting to avoid making any responsive motion or pleading under the plea that a prior action is pending between the same parties and involving the same subject matter in another court of equal jurisdiction, classically illustrates why the plea of another action pending has been described as a dilatory plea, and further illustrates the basic reason why such plea should be strictly construed because of its dilatory nature, particularly when made in the manner herein attempted.

No case has been cited in which the enlargement of times provided for in Rule 6 (b) has been extended so as to operate as an abatement or stay of further proceedings in an action because of the pendency of a prior action between the same parties and involving the same subject matter.

It should be borne in mind that Switzer has not raised this question at a time when any final judgment or order will be made against it on the merits of the case. In effect, Switzer is attempting to use its appeal in the Illinois action to delay any preliminary proceedings in this action which will enable this court to bring this action to a stage where a hearing can be had on the merits. The factual situation here discloses that the Switzer motion does not meet the tests required of a plea in abatement on the ground that another action is pending between the same parties and involving the same subject matter. In the first place, there is no prior action pending between the same parties in the Illinois Court. There are two different parties defendant in this action, namely Robert C. Switzer and Joseph L. Switzer. In the second place, the subject matter of this action was not at the commencement of this action the subject matter of the Illinois action; the subject matter of this action being the Swimwear Contract, as amended, and the subject matter of the Illinois action, after the dismissal of the provisions of the complaint relating to the Swimwear Contract, being the Coldfire Contract. It is obvious that the parties, including Switzer, considered these two contracts to be separate and unrelated contracts insofar as substantive rights are concerned, when they, by stipulation in the Illinois action, dismissed the paragraphs of the complaint and of the prayer in that action relating to the Swimwear Contract, and then proceeded to carry on their litigation in that court

"7. The order of December 5, 1950 was permissive, rather than imperative, and did not require the filing of the proposed counterclaim herein.

"8. The order of December 5, 1950 granting defendant leave to amend its counterclaim did not bring the issues to be raised thereby or the subject matter of said Swimwear Agreement, as amended, before this court, or give this court jurisdiction thereof.

"9. The subject matter of said Swimwear Agreement is substantially different from the subject matter of said Coldfire Agreement.

"10. The subject matter, the issues and the proof required in this action are substantially different than the subject matter, the issues and the proof required, respectively, in the California action.

"11. The issues presented (and the proof required in support thereof) by the pleadings filed herein and relating to said Coldfire Agreement are substan-

tially different from the issues presented (and the proof required in support thereof) by the complaint (prior to said order of October 26, 1950) and relating to said Swimwear Agreement.

"12. The issues presented (and the proof required in support thereof) by the pleadings filed herein and relating to said Coldfire Agreement are substantially different from the issues presented (and the proof required in support thereof) by the said proposed counterclaim and relating to said Swimwear Agreement.

"13. A decision in this action will not settle the issues and controversies involved in the California action.

"14. Plaintiff's motion to restrain the California action should be and is hereby denied.

"Chicago, Illinois

February 26, 1951

"Phillip Sullivan
United States District Judge"

on the Coldfire Contract. It is also obvious that the Illinois Court considered them to be separate and distinct contracts when it granted a temporary restraining order on the Coldfire Contract and related contracts but refused to grant a preliminary injunction on the Swimwear Contract.

Switzer argues vehemently that while the appeal is pending and until a final decision is reached in the Illinois action, this court has no power to proceed, because it is up to the Illinois Court to determine whether or not that Court still has jurisdiction of the Swimwear Contract, or that the Swimwear Contract and the Coldfire Contract are so related that the provisions of the restraining order of September 27, 1950 would bar Gantner from bringing this action in this court. In support of this argument Switzer cites a number of cases, in all of which the court was passing on the question of whether or not it would exercise its power to enjoin proceedings commenced in another court. In some of these cases injunctive relief was granted[2], and in another it was denied[3], but in each case the court in which injunctive relief was sought made an independent determination as to whether or not there was a prior action pending in another court between the same parties and involving the same subject matter. These cases do not foreclose from this court the power to make its independent determination as to whether or not a prior action, involving the same subject matter as this action, is pending before the Illinois Court between the parties to this action. From the record heretofore discussed this court is of the opinion that there was no prior action involving the subject matter of this action and between the parties to this action pending before the Illinois Court at the time this action was commenced in this court.

This conclusion concurs with the position of the Illinois District Court[4]. The fact that an appeal is pending from the order of the Illinois District Court does not deprive this court from proceeding further in this case. Nor does it preclude Switzer from again raising this issue in an appropriate pleading to the complaint on file in this action. See Federal Rules of Civil Procedure, Rule 8(c).

The motion of Switzer to extend time is therefore denied without prejudice to again raising the issue presented by this motion by an appropriate motion or pleading under the Federal Rules of Civil Procedure. The motion of Gantner for the production of documents is granted, and the defendant, Switzer Brothers, Inc., a corporation, is granted ten days from the entry of this order in which to file a responsive motion or pleading to the complaint on file herein.

---

2. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012.

3. Speed Products Co. v. Tinnerman Products, Inc., 83 U.S.App.D.C. 243, 171 F.2d 727.

