PATHE LABORATORIES, Inc., Plaintiff,

v.

TECHNICOLOR MOTION PICTURE CORPORATION, Technicolor, Inc., and De Luxe Laboratories, Inc., Defendants.

United States District Court
S. D. New York.

Dec. 20, 1955.

**212**

James L. O'Connor, New York City, for plaintiff.

Fulton, Walter & Halley, New York City, for defendants Technicolor Motion Picture Corp. and Technicolor, Inc.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant De Luxe Laboratories.

DAWSON, District Judge.

This is a motion by the plaintiff, pursuant to Rule 41(a) (2) of the Rules of Civil Procedure, 28 U.S.C.A., for an order voluntarily dismissing this action without prejudice. The complaint, in two counts, alleges violation of trademark and violation of the Anti-trust Laws and seeks (1) an order restraining the defendants from using the word "technicolor" in connection with motion picture film produced by any process other than "the process commonly known as the technicolor process"; (2) an order canceling a contract made between the defendants Technicolor Motion Picture Corporation and De Luxe Laboratories, Inc.; (3) cancellation of certain of defendants' registered trademarks, and (4) damages of $400,000.

The complaint was filed July 7, 1954. Shortly after the action was commenced, defendants started an examination before trial of the Executive Vice President of plaintiff. At plaintiff's request, the examination was adjourned to give this man time to obtain information to answer defendants' questions. The information was not obtained, nor did the examination continue.

The case appeared on the Calendar for assignment to trial on November 4, 1955. The Calendar Judge set the case down for trial on February 10, 1956. It is asserted, without contradiction, that defendants have repeatedly since that time requested plaintiff to furnish information so that the examination of plaintiff's Vice President might be continued, but no additional information has been supplied. The plaintiff now, at this late date, comes in and asks that the action be discontinued without prejudice, claiming that certain changes have been made in the advertising program of the defendants which make the present continuing of this action unnecessary. It is hard to see where a mere change in the advertising program, if it took place (which is denied), would have been sufficient ground for discontinuing the action and relinquishing all of the relief asserted in the complaint if, in fact, plaintiff, in good faith, had believed that it was entitled to the relief claimed in the complaint.

By bringing this action, plaintiff has caused the defendants the expense of retaining lawyers to defend the action. It would be the height of injustice to allow a party to commence an action, putting the defendant to the expense of defending it, and then shortly before the case was to be reached for trial, cause the action to be discontinued without reimbursement of the expenses to which the defendant has been put. Defendants' counsel have submitted an affidavit showing the services performed by them and their estimate of the reasonable value of those services.

The motion for the voluntary dismissal of this action without prejudice is granted, conditioned upon payment to the attorneys for the defendants of the sum of $1,000 which the Court finds constitutes reasonable attorneys' fees for the services of such attorneys in this action to date.

Submit order on two days' notice.