UNITED STATES of America
v.
KRAFT FOODS COMPANY.

UNITED STATES of America
v.
H. J. HEINZ COMPANY.

Civ. A. Nos. 20866, 20867.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1956.

George Cochran Doub, Asst. Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., Marvin C. Taylor, Sp. Litigation Counsel, Department of Justice, Washington, D. C., for United States of America.

Owen B. Rhoads, Philadelphia, Pa., for Kraft Foods Co., Snyder, Chadwell & Fagerburg, Chicago, Ill., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., of counsel.

J. B. H. Carter, Philadelphia, Pa., for H. J. Heinz Co., Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., Paul M. Duff, Pittsburgh, Pa., of counsel.

KRAFT, District Judge.

The plaintiff instituted these suits against Kraft Foods Company (Kraft)

and H. J. Heinz Company (Heinz) on June 13, 1956 to recover moneys alleged to have been erroneously and illegally paid each company pursuant to contracts for the sale of cheese to and the repurchase thereof from Commodity Credit Corporation (C.C.C.). On July 13 service of process was made in each action. The plaintiff, on July 31, filed motions to consolidate the actions for trial.

On August 1 counsel entered an appearance for Kraft and filed a motion to transfer this action to the Northern District of Illinois, Eastern Division, as well as a motion for temporary stay of proceeding pending disposition of the motion to transfer.

On the same day counsel for Heinz entered an appearance and filed a motion to transfer that action to the Western District of Wisconsin or, otherwise, to stay the proceeding. Heinz also filed a motion for temporary stay pending disposition of its alternative motion. Pending argument upon and disposition of the motions then pending a temporary stay was ordered on August 1.

Despite the temporary stay, the plaintiff filed motions, on October 15, to transfer both suits to the Western District of Pennsylvania. After briefs and sundry affidavits were filed, argument was heard on all motions on October 29, when Kraft, upon application, was granted leave to and did file a motion to stay the proceeding in the event of denial of its motion for transfer.

From the respective records, affidavits and admissions of counse' at argument the following additional facts appear undisputed:

On April 27, 1956 the Department of Justice made written demand on Heinz for repayment, threatening suit upon non-compliance. Like demand was made on Kraft on May 8. The plaintiff began three suits in May in the United States District Court for the District of Maryland against Swift & Co., The Great A. & P. Tea Company and National Biscuit Co. for recovery of similar C.C.C. payments.

Kraft filed suit on June 7 against C.C.C. in the United States District Court for the Northern District of Illinois for declaratory judgment, involving issues identical with those in this suit. C.C.C., on June 8, moved for dismissal or stay of Kraft's suit. This motion was denied on October 8, and that case is now at issue.

Heinz, on June 11, also began an action for declaratory judgment in the United States District Court for the Western District of Wisconsin, involving issues identical with those in this suit. Six other companies (including Kraft Foods Company of Wisconsin, a subsidiary of Kraft) instituted like suits at the same time in the same district. Motions to dismiss those suits or to stay proceedings therein were denied on September 19. The seven suits were consolidated for trial and are now at issue.

The plaintiff desires to obtain promptly, in two different circuits, decisions which, if in agreement, might be accepted by the plaintiff as determinative of its rights against all recipients of the controversial payments, or which, if in conflict, might afford basis for consideration by the Supreme Court.

The plaintiff also desires to have, in each of two circuits, defendants who are typical of (1) cheese manufacturers and handlers, and (2) others who acquired cheese for use in preparation of other products. The plaintiff's suits in the District of Maryland involve defendants typical of a (1) manufacturer, (2) non-manufacturer, (3) retailer. The suits in the Western District of Wisconsin involve parties typical of each class. The aggregate of plaintiff's claims against approximately 130 companies involved is about $2,500,000. The eleven litigants outside this district are representative of every category involved and affect approximately half of the plaintiff's total claims.

A very substantial part of the evidence will be documentary, of such character that authenticity may be readily stipulated by counsel in most instances.

Kraft's action will be reached for trial in the Illinois District within eighteen to twenty-four months. Heinz' suit will be reached for trial in the Wisconsin District within six to twelve months. It is unlikely that the two instant suits, not yet at issue, would be reached for trial either in this district or in the Western District of Pennsylvania sooner than twenty months from the date of issue.

None of the transactions involving Kraft occurred in Pennsylvania where it maintains only sales branches concerned with the sale of its products. Kraft's principal office is in Chicago, Ill. where its principal executive officers have their offices and residences. Its consolidated books and records are also kept there. The 57 contracts between C.C.C. and Kraft resulted from offers and acceptances interchanged among five Kraft and four C.C.C. division offices, none of which were in Pennsylvania. All Kraft's records and papers relating to the 57 contracts have been at its Chicago headquarters since its suit there was instituted. Many of Kraft's witnesses reside in or close to Chicago; others reside in California, Texas and Georgia. None of Kraft's prospective witnesses and none of its books and papers are in Pennsylvania.

Heinz purchased from Kraft the cheese, the contract for the sale and repurchase of which gave rise to the present controversy, and Kraft's records, now in Chicago, are material to Heinz' presentation of its case.

At the argument plaintiff's counsel conceded, with commendable candor, that the plaintiff and its witnesses will not be materially convenienced by a transfer to the Western District of Pennsylvania. The real motive for plaintiff's request for that transfer was the retention of these cases within the Third Circuit and an unfounded anticipation of earlier trial and disposition.

■ The respective motions of plaintiff and defendants for transfer of these actions were filed pursuant to 28 U.S.C. § 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This section revised the old doctrine of forum non conveniens by eliminating the harsh result of dismissal by provision for transfer. Thus, while considering the same relevant factors, including the plaintiff's choice of forum, the court now has a broader discretion in determining whether, upon a lesser showing of inconvenience than that required by the old rule, a transfer should be granted. Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789.

An anomalous situation is created by the plaintiff's opposition to the defendants' motions for transfer, while plaintiff simultaneously seeks, by its own motions, to abandon its chosen forum. It is not unreasonable to accept the conclusions of both plaintiff and defendants that this district is a forum inconvenient to all three litigants. The problem is then posed as to which of the districts to which the pending motions seek transfer is more convenient to "the parties and the witnesses, in the interest of justice." In this posture the plaintiff no longer has the advantage of its initial choice of forum—a choice once exercised and now abandoned.

The forums to which transfer is now sought are neither wholly convenient nor wholly inconvenient to the parties and the witnesses. The matter of convenience is rather one of degree. Thus measured, however, the convenience of the Western District of Wisconsin to Heinz and its witnesses and of the Northern District of Illinois, Eastern Division, to Kraft and its witnesses is greater than that of the Western District of Pennsylvania to the plaintiff and its witnesses. Conversely, the Western District of Pennsylvania is less convenient to Heinz and Kraft and their respective witnesses than are the Western District of Wisconsin and the Northern District of Illinois,

Eastern Division, to the plaintiff and its witnesses.

Of importance, too, is the pendency of defendants' actions, both at issue, in the Northern District of Illinois, Eastern Division, and the Western District of Wisconsin. These actions were first begun, first at issue and will probably be first reached for trial. While the time which may elapse between issue and trial in any district is not a decisive factor in an application for transfer, consideration should be given, in the interest of justice under the circumstances here existing, to the speed with which trial and final disposition of the litigation may be had.

The convenience of the parties and their witnesses will not be insured by obliging them to prepare for trial in both forums. Such preparation would certainly increase the cost of litigation, a result which, in the interest of justice, is to be avoided. The court should be quick to discourage any unwarranted contest for position and to prevent any situation which tends only to stimulate the ingenuity of counsel to design the dilatory tactic by which trial in an undesired forum might be delayed.

Where the jurisdiction of federal district courts in civil cases is concurrent, it is in the interest of justice either to permit that district court whose jurisdiction first attaches, and which thereafter seasonably proceeds, to hold its jurisdiction to the exclusion of other district courts until the first has performed its duty[1] or, for the convenience of parties and witnesses, to transfer the later action, upon timely motion, to that district court where the first action is pending.

Upon transfers to the districts sought by defendants' motions, the plaintiff's present actions may be expedited by consolidation with the actions already at issue in those two districts.

The orders granting temporary stay of proceeding will be vacated, the plaintiff's motions for consolidation and for transfer denied and the defendants' motions for transfer granted, upon submission by counsel of appropriate orders.

---

1. In re Georgia Power Co., 5 Cir., 89 F. 2d 218; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012; Speed Products Co. v. Tinnerman Products, 83 U.S.App.D.C. 243, 171 F.2d 727.