**NIXON CONSTRUCTION CO., Inc. and D. H. Overmyer Co., Inc., Plaintiffs,**

**v.**

**FRICK COMPANY, Defendant.**

**No. 68 Civ. 2262.**

United States District Court
S. D. New York.

Oct. 17, 1968.

John P. Garrigan, New York City, for plaintiffs.

Lauterstein & Lauterstein, New York City, for defendant.

MANSFIELD, District Judge.

Plaintiffs commenced this diversity suit for breach of contract in this Court in June of 1968, and on June 19, 1968 served defendant with an order to show cause signed by Judge Frankel, containing an ex parte stay of all proceedings on the part of defendant to foreclose mortgages which it held to secure payment of installment notes given by plaintiff Overmyer to defendant. In addition, the order also stayed defendant from taking any action with respect to past due installment notes. On July 5, 1968 Judge Frankel vacated the above stay.

Thereafter, defendant commenced proceedings in the Court of Common Pleas of Lucas County, Ohio, to enter a judgment against plaintiff Overmyer pursuant to a confession of judgment contained in the installment note given by Overmyer to defendant and dated June 1, 1967. On July 12, 1968 judgment was entered in Ohio in favor of defendant in the sum of $62,370.

On July 15, 1968 defendant served its answer in the action in this Court. De-

fendant also asserted two counterclaims, one of which was based on the judgment entered by the Ohio court.

Pursuant to plaintiffs' motion to enjoin defendant from prosecuting any proceedings to enforce the notes or foreclose the mortgages, the parties appeared before me on July 24, 1968. On August 7, 1968, after finding that plaintiffs had failed to show any likelihood that they would prevail on the merits and that there was no showing that plaintiffs would suffer any irreparable injury, I denied plaintiffs' motion.

In the meantime plaintiff Overmyer, on August 5, 1968, filed an answer and cross petition in the Ohio action and served a motion to vacate the Ohio judgment. Overmyer's answer and cross petition in the Ohio action are, to all intents and purposes, the same as the complaint it filed in the action before this Court.

Plaintiffs Nixon and Overmyer have now moved this Court, pursuant to Rule 41, F.R.Civ.P., to dismiss the action which they brought in this Court prior to the institution of the proceedings in Ohio. Defendant opposes this motion.

■ Generally courts "in pursuance of the salutary policy of encouraging the quieting and settlement of controversies * * * would not deter a litigant who wishes to relinquish an action he has earlier commenced." Goldlawr, Inc. v. Shubert, 32 F.R.D. 467, 469 (S.D.N.Y.1963). However, the complaint should not be dismissed if defendant would thereby be unduly prejudiced. Further Rule 41(a) (2), F.R.Civ.P., makes clear that if defendant has pleaded a counterclaim "prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." The purpose of this rule is to preserve the court's jurisdiction over the parties and the counterclaim. See, In re Nathan, 98 F.Supp. 686, 689 (S.D.Cal.1951); S.

C. Johnson & Son, Inc. v. Boe, 187 F. Supp. 517, 520 (E.D.Pa.1960). Here, however, defendant's counterclaims satisfy both the diversity and jurisdictional amount requirements for federal jurisdiction. The counterclaims can, therefore, stand irrespective of the jurisdictional grounds alleged in the complaint and there is no reason to deny plaintiffs' motion merely because of the existence of the counterclaims.

Defendant argues, however, that a dismissal of the complaint would prejudice it because it would lead to delay and cause defendant to lose substantial rights, including a decision on the merits, that defendant says it has obtained in this litigation. In short, defendant argues that when substantial work has been done on a case and a decision on the merits of the case has been rendered, a plaintiff should not be permitted to withdraw his case from the federal court which reached the merits and begin anew elsewhere, see Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953). However the facts of this case do not put it within the legal doctrine of *Harvey*.

■■ In those cases which defendant has advanced in support of the above proposition, either all pre-trial work was complete and a note of issue filed, see, Mistretta v. S. S. Ocean Evelyn, 250 F. Supp. 868 (E.D.N.Y.1966); Schopen v. Westwood Pharmacal Corp., 11 F.R.D. 555 (W.D.N.Y.1951); or the court had spent substantial time familiarizing itself with the action, see, Erie-Lackawanna Railroad Company v. United States, 279 F.Supp. 303 (S.D.N.Y.1967); or extensive hearings had been held and a decision on the merits reached, see, Harvey Aluminum, Inc. v. American Cyanamid Co., supra. In the instant case none of these factors is present. The case is little more than four months old and although defendant has filed an answer and counterclaims, there have been no additional pleadings or proceedings other than plaintiffs' motion to en-

join defendant from prosecuting other suits until the determination of this action. The only time spent by this Court on the matter has been an oral argument and a review of papers relating to plaintiffs' motion for an injunction. Although these preliminary papers indicate that the plaintiffs' case was probably meritless, no proof was taken nor facts stipulated that would permit findings or conclusions of the type found in the above-cited cases, e. g., Bowles v. South Pittsburg Coal Co., 7 F.R.D. 139 (E.D. Tenn.1945), where the court stated that the facts were "not in dispute" and that "the same rules applicable in denying the application for a preliminary injunction would bar the action on its merits". Here plaintiffs seek damages not injunctive relief.

Defendant also opposes plaintiffs' motion on the ground that plaintiffs may gain some tactical advantage by dismissing its claims here and pursuing its defense in Ohio. Even if this be true, it is not a compelling reason for denying plaintiffs' motion, see Standard Nat. Ins. Co. v. Bayless, 272 F.2d 185 (5th Cir. 1959). Nor should the motion be denied because defendant fears dismissal at this time will be prejudicial in that it will delay the ultimate outcome of this litigation. Such a fear is based only on speculation. Defendant has already obtained judgment on its major counterclaim in Ohio. Plaintiff Overmyer has moved the Ohio court to vacate that judgment and if that motion is denied, it would seem that the Ohio litigation would be far more advanced than this one. Further, defendant's argument regarding delay cannot be considered substantial in view of the fact that this case has only been filed in this Court for four months and no pre-trial work has been done other than the plaintiffs' aforementioned motion.

■ As defendant's counterclaim will remain pending in this Court, defendant will not necessarily lose whatever it may have gained by defending this action to this point. However, defendant has been put to time and expense in defending the action in this Court. It has appeared twice before judges of this Court to oppose plaintiffs' attempt to enjoin it and defendant has submitted documents, affidavits and briefs. Plaintiffs have done little more than file their complaint and prepare the notices of motion which defendant has opposed so vigorously. Plaintiffs' action should not be dismissed without requiring it to pay defendant its costs and attorneys' fees. See, Goldlawr, Inc. v. Shubert, 32 F.R.D. 467 (S.D. N.Y.1963); Pathe Laboratories, Inc. v. Technicolor Motion Picture Corp., 19 F. R.D. 211 (S.D.N.Y.1955); Klar v. Firestone Tire & Rubber Co., 14 F.R.D. 176 (S.D.N.Y.1963).

Since this action is still in a relatively early stage and its dismissal will not cause defendant any real prejudice, plaintiffs' motion is granted but defendant's counterclaims will remain pending and plaintiffs shall pay $250 to defendant as costs and attorneys' fees.

So ordered.