**David X. MANNERS, Paul Manners, Jonathan Manners, Michael Manners, and Ruth Ann Manners, Plaintiffs,**

v.

**FAWCETT PUBLICATIONS, INC., Defendant.**

**No. 78 Civ. 4779 (KTD).**

United States District Court,
S. D. New York.

Dec. 13, 1979.

Norwick, Raggio, Jaffe & Kayser, New York City, for plaintiffs; Kenneth P. Norwick, New York City, of counsel.

Ronald E. Guttman, Stanley L. Kantor, New York City, of counsel, for defendant.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, David Manners, his wife Ruth and their three children, commenced this

action in October, 1978 against the defendant Fawcett Publications, Inc., subsequently succeeded in interest by CBS, Inc., charging fraud, breach of contract and conversion. The dispute arose in connection with the publication and distribution of various books and articles written by David and Ruth Manners. The salient facts are as follows.

David and Ruth Manners are authors who have entered into several agreements with Fawcett concerning the publication and distribution of their books and articles and the royalties to be derived therefrom. Since Fawcett's duties under the contract were limited to the publication of soft-cover or paperback books these agreements contained the following provision:

> Should the Publisher cause the book to be placed on sale in hard-cover form the Author will receive 50 percent of all licensing or royalty fees when received by the Publisher.

There is no doubt that certain books and articles penned by the Manners were licensed by Fawcett to other publishers for reproduction in hard-cover form. Indeed, herein lies the dispute. Plaintiffs charge that rather than forwarding 50 percent of all licensing or royalty fees from these hard-cover publications, Fawcett would first deduct a "usage fee" from these moneys. Thereafter, the balance of the proceeds would be divided between Fawcett and the Manners as provided in the contract. Plaintiffs contend that this usage fee was improperly diverted prior to the 50 percent proportion contemplated under the publication agreements.

The defendant, quite predictably, paints a different picture. It argues that pursuant to its agreements with the hard-cover publishers, payments to Fawcett consisted of two independent components. First, Fawcett would receive a royalty for the use of a particular work. Second, Fawcett would be paid a usage fee to compensate it for the use of "films or plates and/or for editorial services." Under this analysis, defendant asserts that only the royalties were includable in the 50 percent agreement with the Manners and that the usage fees were properly excluded therefrom.

In the thirteen months which have elapsed since the commencement of this suit, the plaintiffs have discovered that Fawcett has executed similar publication agreements with many other authors. They have also discovered that defendant has computed its hard-cover royalties with respect to these authors in the same manner as with the plaintiffs. Accordingly, plaintiffs now seek an order, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismissing the action, without prejudice, in order that they may commence a class action in New York State Court [1] on behalf of all similarly situated authors.

Defendant opposes the motion on the grounds that the parties have already engaged in extensive discovery which, according to defendant, will have to be duplicated should plaintiffs' motion be granted and a class action commenced. Alternatively, defendant urges that if plaintiffs' motion is granted, it should be conditioned upon plaintiffs' payment of all costs, disbursements and reasonable attorney's fees which have accrued thus far.

Rule 41 provides in pertinent part that:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

---

1. The reason plaintiffs are unable to simply request that the instant action be certified as a class action under Fed.R.Civ.P. 23 is that many of the authors—who are potential class members—have individual claims of less than $10,000. Under the Supreme Court's pronouncement in *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), in a diversity action each class member must possess a claim of $10,000 to meet the jurisdictional threshold. Thus, if prosecuted as a federal class action many potential class members would be excluded. In a state class action, however, there would be no jurisdictional barrier for potential class members.

■ In general, a plaintiff's motion to voluntarily discontinue an action, without prejudice, should be granted absent a showing that the defendant will suffer substantial prejudice as a result thereof. 5 Moore's Federal Practice ¶ 41.05[1] (2d ed. 1979). This is true even where the plaintiff may gain some tactical advantage by virtue of the dismissal. *Id.* *See also Nixon Construction Co v. Frick Co.*, 45 F.R.D. 387 (S.D.N.Y.1968).

In determining whether a dismissal would cause substantial prejudice to a defendant a court must consider many elements. These include:

Undue vexatiousness, undue burden to a litigant in presenting his defense in another jurisdiction, excessive and duplicitous expense of a second litigation, the extent to which any judgment in the new action would be conclusive as to the issues and parties in the present suit, the extent to which the current suit has progressed, are some of the factors to be considered in deciding whether prejudice will result to the opposing party.

*Harvey Aluminum v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953).

It is apparent that not all of these elements will be relevant in a particular case and that none of these elements are in themselves conclusive upon the question of prejudice. Indeed, the only elements which are applicable to the case at bar are the claimed excessive and duplicitous expense of a second litigation and the extent to which the current suit has progressed.

■ In considering these elements within the factual setting of the instant case, I find that justice will best be served by permitting the voluntary dismissal, without prejudice, thereby enabling plaintiffs to commence a class action in the appropriate forum.

Turning first to the allegation of excessive and duplicitous expense of a second litigation, I find many of defendant's fears to be unfounded. The discovery which has taken place to date will certainly be germane in the prosecution of a class action. In fact, plaintiffs have represented to this Court that the discovery to date has "merely paved the way for the state court [class action]." They urge that virtually none of this work will prove to be "needless or duplicative." On the contrary, since commencement of the class action has its roots in the discovery had herein, it will necessarily be a part of that action.

The same analysis obtains concerning the timeliness of the plaintiffs' motion. This action is scarcely one-year old. While a year is not an insubstantial period of time, the docket sheet in this matter does not reveal a great deal of activity to date. In fact, only three pre-trial conferences have been held. Moreover, at the final conference, held on July 11, 1979, there was an indication by plaintiffs that as a result of their discovery they were contemplating transforming this action into a class action. Thus, defendant was on notice of the possibility of a class action emanating from defendant's conduct in July—just nine months after this action was commenced. However, since plaintiffs were precluded from transforming this action into a federal class action, see note 1 *supra*, their only alternative was to voluntarily dismiss this suit and commence a class action in the state court system.

Under these circumstances it would be unduly harsh to deny plaintiffs' request for an order dismissing this action without prejudice.

Finally, defendant's request that the dismissal be conditioned upon plaintiffs paying the costs, disbursements and reasonable attorney's fees must be denied. Although it is clear that a court may condition an order of dismissal under Rule 41(a)(2) upon the imposition of costs and fees, it is equally clear that such conditions are to be imposed only when justice so demands. 5 Moore's Federal Practice ¶ 41.05[5]. For example, where the dismissal was sought on the eve of trial, *Pathe Laboratories, Inc. v. Technicolor Motion Picture Corp.*, 19 F.R.D. 211 (S.D.N.Y.1955), or where a trial has actually commenced, *Nazzaro v. Weiner*, 38 F.R.D. 430 (D.N.J.), *aff'd* 353 F.2d 537 (3d Cir.

1965), costs and fees may be appropriate. However, this is not the situation here. In fact, there are numerous elements which negative the need for the imposition of costs and fees in the instant action.

First, there is no indication that plaintiffs initiated the instant action as an individual action in bad faith. To the contrary, while they considered the commencement of a class action in October, 1978, counsel advised plaintiffs that at that time there were insufficient facts to justify certification as a class action under Fed.R.Civ.P. 23.

Second, defendant knew that commencement of a class action was a possibility, either by having the instant action certified as such or by commencing a separate suit, as early as July, 1979. Thus, defendant can claim no surprise with respect to plaintiffs' present intention. In addition, I am convinced that, while there may have been suspicions before, the facts justifying the commencement of a class action came to light only after the plaintiffs began discovery and that plaintiffs acted quickly thereafter to remedy the situation.

Finally, since plaintiffs have represented to this Court that they will not re-do the discovery previously had herein, what has transpired to date will be used in any subsequent litigation. Thus, of the efforts expended thus far, few will be lost in the next litigation.

Furthermore, since this is plaintiffs' first request for a dismissal it can hardly be classified as vexatious.

Accordingly, plaintiffs' motion for a voluntary discontinuance without prejudice is granted and no costs or fees are to be assessed against either party.

SO ORDERED.

