ZIMPRO INC., Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

and

County of Onondaga, Defendants,

BSP Division of Envirotech Corp.,
Intervenor-Defendant.

No. 78–CV–364.

United States District Court,
N. D. New York.

June 5, 1979.

Carl E. Worboys, Bond, Schoeneck & King, Syracuse, N. Y., for plaintiff; Ridway M. Hall, Jr., Jones, Day, Reavis & Pogue, Washington, D. C., of counsel.

Robert Rossi, County Atty., by Diane E. Tucker, Deputy County Atty., Syracuse, N. Y., for Onondaga County.

George H. Lowe, U. S. Atty., by Gustave J. DiBianco, Asst. U. S. Atty., Syracuse, N. Y., for Christopher L. Rissetto, U. S. Environmental Protection Agency.

Robert C. Epstein, Hannoch, Weisman, Stern & Besser, P. A., Newark, N. J., for BSP Division of Envirotech Corp.

MEMORANDUM–DECISION
AND ORDER

MUNSON, District Judge.

Plaintiff Zimpro, Inc. brought this action to challenge the award of a contract by Onondaga County to the BSP Division of Envirotech Corporation (BSP) for the construction of a sludge conditioning system as part of a wastewater treatment facility. Plaintiff alleges that BSP's bid for the contract was not responsive, in certain respects, to the County's bid specifications, and contends that, as second low bidder, it should be given the contract. Seventy-five percent of the project costs are being funded by the U. S. Environmental Protection Agency (EPA).

The action was originally commenced on July 17, 1978 in the United States District Court for the District of Columbia, with only the EPA being named as a defendant. On July 21, 1978, the case was transferred to the United States District Court for the Northern District of New York. Also on that date, plaintiff filed an Amended Complaint, adding the County as a defendant while a motion by BSP to intervene as a defendant was granted three days later.

On July 24, 1978, the Honorable Edmund Port heard plaintiff's application for a temporary restraining order and a preliminary injunction by which plaintiff sought to enjoin the award and funding of the contract for a sludge conditioning system in Onondaga County to anyone other than Zimpro, pending completion of a review by the General Accounting Office (GAO) of a bid protest previously filed with the GAO. By the end of the day on July 24, 1978, Judge Port rendered a decision denying the motion for a temporary restraining order and a preliminary injunction.

On July 27, 1978, plaintiff filed a motion, pursuant to Rule 41(a), Fed.R.Civ.P., for a voluntary dismissal of the action. Plaintiff is willing to have that portion of the Complaint, which seeks temporary and preliminary injunctive relief, dismissed with prejudice, but requests that the Complaint, in all other respects, be dismissed without prejudice. The only specific relief that would be covered by the latter request is the demand for the entry of a "permanent injunction, upon consideration of the decision of the General Accounting Office, directing that the BSP bid be rejected and that award of Contract IX–F be made to Zimpro."

All defendants oppose the motion for a voluntary dismissal, without prejudice, of the request for permanent injunctive relief. Court approval of the dismissal is necessary in this case since the County of Onondaga and BSP each served an Answer to the Complaint prior to the time that the notice of dismissal was filed. See Rule 41(a), Fed. R.Civ.P.

█ A motion for a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. *Johnston v. Cartwright,* 355 F.2d 32, 39 (8th Cir. 1966); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 161 (1971). Nevertheless, in most cases, a dismissal without prejudice should be allowed unless the defendant will suffer some plain legal prejudice. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976); *Lee-Moore Oil Co. v. Union Oil Co.,* 441 F.Supp. 730, 740 (M.D.N.C.1977); *Nixon Construction Co. v. Frick Co.,* 45 F.R.D. 387, 389 (S.D.N.Y.1968).

█ The defendants in this case contend that they will be prejudiced in several ways if plaintiff's motion is granted. First, the County alleges that it will suffer prejudice in having to face the prospect of future litigation by the plaintiff and in being exposed to potential liability for the increased costs of numerous contractors that would result from a delay in the progress of work on the project. However, the mere prospect of having to defend against a second lawsuit is not the type of prejudice that would warrant a denial of a Rule 41(a)(2) motion. *Selas Corp. v. Wilshire Oil Co.,* 57 F.R.D. 3, 6 (E.D.Pa.1972); 5 *Moore's Federal Practice* ¶ 41.05[1], at 41–72 (1978). Furthermore, allowing a voluntary dismissal will not, in itself, create a risk that the County will face liability for increased costs of other contractors since it appears that

the GAO's decision is merely advisory in nature, and that, consequently, GAO does not have the power to award the contract in question to Zimpro. If a new lawsuit is commenced after the GAO's decision is rendered, the County, in opposing a request for a permanent injunction, will be able to raise its argument concerning the prospect of delay damages being incurred.

The County also contends that it will lose the law of the case that is embodied in Judge Port's decision on the motion for a temporary restraining order and a preliminary injunction. Contrary to the implications of the County's argument, the findings of fact and conclusions of law made on a motion for a preliminary injunction are not controlling when a decision on the merits of a lawsuit is rendered. *Imperial Chemical Industries Ltd. v. National Distillers & Chemical Corp.,* 354 F.2d 459, 463 (2d Cir. 1965); *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738 (2d Cir. 1953). Moreover, while a Court, in deciding a request for a permanent injunction, should, no doubt, give some consideration to rulings made on a motion for preliminary injunctive relief, the Judge, deciding the merits of a new action subsequently brought by Zimpro, would not be foreclosed from giving such consideration to Judge Port's rulings.[1]

The EPA argues that, by seeking a voluntary dismissal, Zimpro is placing a "cloud" over the project. In a sense, the pendency of the present action, in itself, causes a "cloud" to remain over the project. In order to remove this "cloud", the EPA intends to move shortly for summary judgment. (The County of Onondaga has already made such a motion.)[2] However, the amount of time that will be needed to finally resolve the underlying dispute will not be substantially lengthened by permitting Zimpro to seek GAO review. According to the plaintiff, the review by GAO can be completed in

a period of approximately 60 days. It is particularly significant, that because the motion for a preliminary injunction was denied, work on the project will not be delayed during this time period.

The Court rejects EPA's suggestion that plaintiff's motion for a voluntary dismissal is a tactical maneuver by which plaintiff seeks to change forums now that it has lost its request for temporary and preliminary injunctive relief. To the contrary, the type of relief sought on the motion for a temporary restraining order and a preliminary injunction—an injunction against the award and funding of the contract in question pending the outcome of the GAO review—is fully consistent with the purpose of the present motion. From the outset, plaintiff has indicated its intention to seek GAO review, and that it is the primary reason it moved for a voluntary dismissal. Plaintiff has not requested this Court to independently review the two EPA determinations rejecting Zimpro's bid protests except to the extent that this was necessary to assess plaintiff's probability of success on the merits.

Finally, the Court notes that the parties had not expended a very substantial amount of time and resources on this case prior to the filing of the motion for an Order of dismissal. The motion requesting dismissal was filed ten days after the action was commenced, and it does not appear that extended proceedings were held on the motion for a temporary restraining order and a preliminary injunction, because of the need for a speedy resolution of that motion by the Court.

Accordingly, plaintiff's motion for a voluntary dismissal is granted. Plaintiff's Amended Complaint is dismissed with prejudice insofar as it seeks a temporary restraining order and a preliminary injunction

---

1. Plaintiff agrees to a dismissal with prejudice of its request for a temporary restraining order and a preliminary injunction, and, therefore, Judge Port's rulings constitute a final adjudication with respect to this portion of the relief sought. See *Slotkin v. Brookdale Hospital Center,* 377 F.Supp. 275, 277 (S.D.N.Y.1974).

2. The County's motion for summary judgment was filed on September 7, 1978, more than a month after Zimpro filed its motion for an Order of dismissal. BSP has stated its intention to join in the motions for summary judgment.

pending a review of its previously filed bid protest with the General Accounting Office (Amended Complaint, Prayer for Relief, Paragraphs 1 and 2), and is dismissed without prejudice in all other respects.

It is so ordered.