**BOSTEVE LTD. and Stephen J. Tannenbaum, Plaintiffs,**

v.

**William F. MARAUSZWKI, Defendant.**

**No. 84 CV 3929.**

United States District Court, E.D. New York.

March 20, 1986.

Sheldon M. Rosen, Cilluffo, Cama, Rosen & Danzi, Commack, N.Y., for plaintiffs Bosteve Ltd. and Stephen Tannenbaum.

Edward Newman, Newman & Cahn, Carle Place, N.Y., for defendant William F. Marauszwki.

## MEMORANDUM and ORDER

SHIRA A. SCHEINDLIN, United States Magistrate.

Plaintiffs, Bosteve Ltd. ("Bosteve") and Stephen J. Tannenbaum ("Tannenbaum") bring this action against defendant, William Marauszwki ("Marauszwki") for breach of contract, fraudulent inducement and violations of the Racketeer Influenced and Corrupt Organizations Act. ("RICO") 18 U.S.C., Chapter 96, §§ 1961 et seq. Defendant, in turn, has brought counterclaims against plaintiffs for the same causes of action. All claims arise from the sale of a yacht by plaintiffs to defendant.

Plaintiffs now move for a voluntary dismissal of their action, without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2) in order to pursue an impleader action against Marauszwki in state court where plaintiffs are defending a suit brought by the mortgagee of the yacht, Chemical Bank ("Chemical"). Plaintiffs also seek to dismiss pursuant to Fed.R.Civ.P. 19(b), alleging that Chemical Bank, presently not a party in this action, is an indispensible party.

Defendant asserts that the court should deny plaintiffs' motion to dismiss under Rule 41 but if a dismissal is granted, defendant insists that it only be granted with prejudice. He further contends that a dismissal under Rule 19 is not warranted because Chemical is not an indispensible party to this action.

## I. STATEMENT OF FACTS

In August 1979, Tannenbaum's corporation, Bosteve, purchased a yacht pursuant to a retail installment contract. The price of the boat was $74,000.00 of which $55,000.00 was financed and secured by a chattel mortgage held by Manufacturers Leisure Time Corporation. Sheldon M. Rosen ("Rosen") Affidavit, ¶ 3(a). The principal amount of the indebtedness remained $55,000.00 when the mortgage was sold to Chemical in 1982. *Id.*

In August 1982, Tannenbaum decided to sell the boat due to financial difficulties. In September 1982, the parties negotiated and reached an oral agreement whereby defendant would assume the future payments to Chemical in exchange for plaintiffs' transfer of title. *Id.* at ¶ 3(b).

Early in October 1982, Tannenbaum and Marauszwki met at Chemical's office in Melville, Long Island. Plaintiffs' attorney presented defendant with a written contract providing that Tannenbaum would transfer his Bosteve stock to defendant as the means of transferring title to the boat. Though defendant refused to sign this agreement, he did sign the Guaranty of Payment to Chemical. *Id.* At this time, defendant obtained possession of the yacht, but title was not transferred.

For the following ten months, Marauszwki made loan payments to Chemical. However, in July, 1983 he stopped the payments because plaintiffs had failed to convey title to the boat. Edward Newman

("Newman") Affidavit, ¶ 10. At the end of December 1983, the boat was repossessed by Chemical and eventually sold at an auction. As of January 1984, the remaining balance on the loan was between $26,150.00 and $31,200.00.[1] *Id.* at ¶ 12, Rosen Affidavit, ¶ 3(c).

In May, 1984, Chemical sued Tannenbaum (plaintiff) in Supreme Court, Suffolk County, to recover the balance due on the loan. Defendant's Memorandum at 3.

## II. DISCUSSION

### A. *Plaintiffs' Rule 41(a)(2) Motion*

■ A motion for a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Zimpro Inc. v. United States Environmental Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y.1979); 5 Moore's Federal Practice, § 41.05[1] at 47 (2d ed. 1985). In general, a dismissal should be allowed unless the defendant will suffer prejudice. *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). In determining whether a dismissal would cause substantial prejudice to a defendant, a court should consider: the excessive and duplicative expense of a second litigation, the defendant's effort and expense of preparation for trial, lack of plaintiff's diligence in bringing the motion and the extent to which the current suit has progressed. *Manners v. Fawcett Publications Inc.*, 85 F.R.D. 63,65 (S.D.N.Y.1979); 5 Moore's Federal Practice, § 41.05[1] at 53–57 (2d ed. 1985).

■ The court has considered each of these factors. This action has been pending for nearly two years. During this time, defendant has expended substantial sums on pretrial discovery and counsel fees.[2] Further, plaintiff brought this motion on the eve of trial. Courts have not hesitated to deny Rule 41(a)(2) motions in similar circumstances. *See e.g. Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir.1974) (district court's failure to deny Rule 41(a)(2) motion was an abuse of discretion when the motion was made after pretrial discovery was completed and on the eve of trial); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969) (district court properly exercised its discretion in denying plaintiff's motion for dismissal without prejudice where defendant had expended much effort in preparing for trial); 5 Moore's Federal Practice, § 41.05[1] at 53–57 (2d ed 1985) (citations omitted).

In further support of the decision to deny plaintiffs' the motion to dismiss, the court notes that it must retain jurisdiction over defendant's compulsory counterclaims, even if plaintiffs' action were dismissed. *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 189 (E.D.Pa. 1982). The counterclaims allege the same issues raised in the complaint. Further, all claims are based on the same operative facts. Thus, it would be an inefficient use of the court's resources to adjudicate defendant's claims only, when they are inextricably linked to plaintiffs.'

Therefore, in the exercise of this court's discretion, plaintiffs' motion for voluntary dismissal is denied.

### B. *Plaintiff's Motion to Dismiss Under Rule 19(b)*

■ Plaintiffs also seek to dismiss their action, without prejudice, pursuant to Rule 19(b) on the ground that Chemical is an indispensable party. However, a party cannot be "indispensable" under Rule 19(b) unless it is first found to be "necessary" under Rule 19(a). *Alpa S.A. Agroindustrial Alemano v. ACLI International Inc.*, 573 F.Supp. 1070, 1078 (S.D.N.Y. 1983). A prerequisite to finding that a party is necessary is that the absent party have an interest in the controversy. *R.C.*

---

1. The parties disagree as to the amount remaining due on the loan. Plaintiffs assert that the remaining balance is $26,150.66, while defendant contends it is $31,191.00.

2. Defendant asserts that to date, it has incurred approximately $12,000.00 in legal fees. *See* Defendant's letter to the Court, February 20, 1986. This is a substantial sum in light of the fact that the amount in controversy in this action is under $32,000.00.

*Hedreen Co. v. Crow Tribal Housing Authority,* 521 F.Supp. 599, 609 (D.C.Mont. 1981). To determine whether a party is interested turns on the particular facts of the case. Moreover, the determination is a discretionary one. *Freeman v. Marine Midland Bank-New York,* 419 F.Supp. 440, 450 (S.D.N.Y.1976).

 In my view, Chemical is not "interested" in the dispute between plaintiffs and defendant. Its only concern is that the balance of its loan be paid. In *Thompson v. Tualatin Hills Park & Rec.,* 496 F.Supp. 530 (D.Or.1980), *aff'd,* 701 F.2d 99 (9th Cir.1983), plaintiff sued defendant for an unconstitutional taking of property. Defendant argued that plaintiff failed to join the mortgagee of the property under Rule 19(a). The court held that,

> joinder of [the mortgagee] was not necessary. Since the mortgagee's interests were for specific amounts, [its] interests would be unaffected by any judgment in this case.... Complete relief can be accorded between plaintiff and defendant without the presence of the mortgagee.... [its] absence will not impair [its] ability to protect [its] interests ... nor will it create any difference in the obligations of the existing parties that may stem from this action that would not otherwise exist.

*Id.* at 538.

*See* Wright & Miller, Federal Practice and Procedure: Civil § 1621 (1972). As the mortgage will not in any way be "interfered with by [this court's] decree, it is wholly unnecessary to make [the mortgagee] a party...." *Venable v. The Bank of The United States,* 27 U.S. (2 Pet.) 107, 112, 7 L.Ed. 364 (1829). Thus, because Chemical's right to the balance of the loan will be unaffected by the outcome of this litigation, I find that Chemical is not a necessary party [3] and consequently, plain-

tiff's motion to dismiss the action without prejudice under Rule 19 is denied.

## III. CONCLUSION

For the reasons set forth above, in the exercise of this court's discretion, plaintiffs' motions to dismiss without prejudice under Rules 41(a)(2) and 19(b) are denied.

SO ORDERED.

---

**3.** Moreover, because Chemical is not a necessary party, this court has no basis to exercise jurisdiction over it. Diversity is lacking between Tannenbaum, a New York domiciliary and Chemical. Further, no federal question jurisdiction exists because neither plaintiffs nor defendant has asserted RICO claims against Chemical. *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 438 F.Supp. 440, 445 (S.D.N.Y.1977) (the court may exercise ancillary jurisdiction over pendant party where that party is necessary to the suit).