Martin GUZMAN

v.

HAZEMAG U.S.A., INC., International Recycling Systems, Inc. and Grasan Equipment Co.

No. CV–91–3687.

United States District Court, E.D. New York.

Jan. 8, 1993.

Melvin S. Jacknowitz, New York City, for plaintiff.

Mark H. Pillinger, Smith, Mazure, Director & Wilkins, New York City, for Intern. Recycling.

Patrick J. Mahoney, Farrell & Mahoney, Huntington Station, NY, for Grasan Equipment Co.

Frank S. Occhipinti, Michele Perez, Anderson, Kill, Olick & Oshinsky, New York City, for Hazemag U.S.A., Inc.

Jacobowitz, Spessard, Garfinkel & Lesman, New York City, for M & C Transfer Station.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On September 20, 1991, plaintiff Guzman filed this diversity action alleging negligence, strict tort liability, breach of express and implied warranties, and nuisance. All four claims arise out of an employment-related injury; more specifically, the complaint states that on December 29, 1988,[1] plaintiff injured his hand while working "at

---

**1.** The date of injury stated on Plaintiff's Affirmation of Good Faith filed in conjunction with the instant motion to dismiss improperly sets the date of injury as December 29, 1989.

or near" a scrap separator/recycling machine which, plaintiff alleges, existed in a defective and dangerous condition. The three defendants named in this action are the manufacturers, sellers, and distributors of the machine in question.

Jurisdiction over this case derives from 28 U.S.C. § 1332. Complete diversity exists since plaintiff is a New York citizen and the defendants are citizens of foreign states. Plaintiff seeks five million dollars for each of the four causes of action, and so his complaint on its face satisfies the statute's amount in controversy requirement. Defendants have not interposed any counterclaims. However, on December 20, 1991, defendant Grasan served a third-party complaint against plaintiff's employer and the purchaser of the recycling machine, M & C Transfer Station and Recycling Inc. ("M & C"). Plaintiff did not amend his complaint to include M & C, a New York corporation, for to do so would defeat plaintiff's complete diversity. (Plaintiff's Affirmation of Good Faith, ¶ 6.)

Prior to filing suit in federal court, the plaintiff pursued alternative sources of relief. First, plaintiff sought recourse before the Workers' Compensation Board for his injury. On March 9, 1990, Workers' Compensation Law Judge Bayne issued a Memorandum of Decision denying plaintiff's request for compensation; the basis for her decision was that plaintiff failed to offer sufficient evidence of an employer-employee relationship. Following a hearing held on October 16, 1992, the Workers' Compensation Board determined that Mr. Guzman was in fact an employee of M & C, although a formal decision on this matter has not yet been issued.[2] Second, in October of 1990, approximately one year before he originated the federal action, plaintiff filed an action against M & C in the Supreme Court of the State of New York, Queens County. That action, grounded on the same workplace injury, is still pending.

By this motion, plaintiff seeks to have the federal action dismissed without preju-

dice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. His justification for dismissal is judicial economy—plaintiff states that he wishes to consolidate this action with its counterpart now pending in New York State court. By order dated September 21, 1992, this court postponed decision on plaintiff's motion pending disposition of his hearing before the Workers' Compensation Board. In light of the Board's October 16, 1992 findings, defendants now reinstate their opposition to plaintiff's motion for dismissal without prejudice.

## DISCUSSION

■ Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). This determination rests upon the discretion of the district court judge and is subject to reversal only for an abuse of discretion. *Zimpro Inc. v. United States Environmental Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y.1979).

■ Although voluntary dismissal without prejudice is not a matter of right, *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990), the presumption in this circuit is that a court should grant a dismissal pursuant to 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result. *Indu Craft, Inc. v. Bank of Baroda*, 1991 WL 107438, *4, 1991 U.S. Dist. LEXIS 7856, *13 (S.D.N.Y. June 7, 1991); *see also Zimpro*, 83 F.R.D. at 303 (N.D.N.Y.1979) (Rule 41(a)(2) motion should be allowed unless dismissal imposes legal prejudice on defendant); *Harvey Aluminum Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y.1953) (same).

The Second Circuit has enunciated the following factors as relevant to deciding whether to grant a 41(a)(2) motion: the

**2.** Counsel for defendant Hazemag U.S.A., Inc. provided this information to the court by a

letter dated January 6, 1993.

plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss. *Zagano,* 900 F.2d at 14. The *Zagano* court denied plaintiff's 41(a)(2) motion because the action had been pending for four years, extensive discovery had already taken place, the defendants would be prejudiced because of the resources they had spent in preparing for trial, and the plaintiff gave no indication that she would do anything but continue to pursue her case vigorously until ten days before the trial. *Zagano,* 900 F.2d at 14; *see also Philan Ins., Ltd. v. Frank B. Hall & Co.,* 786 F.Supp. 345, 349 (S.D.N.Y.1992) (refusing to dismiss without prejudice because discovery had proceeded for four years, substantial court resources had been expended, trial conference had been scheduled, and defendants would suffer prejudice by "the inevitable delay in trial that would occur if the state claims were initiated in state court."); *Bosteve, Ltd. v. Marauszwki,* 110 F.R.D. 257, 259 (E.D.N.Y. 1986) (refusing 41(a)(2) motion to dismiss to pursue state court impleader action because case had been pending for two years, substantial funds had been expended, motion was brought on eve of trial, and court retained jurisdiction over compulsory counterclaims arising out of same facts).

 Clearly, this case is distinguishable from *Zagano* and its progeny for several reasons. First, it has been pending for one year not four, and, second, although the plaintiff let the action pend for that year, he did not wait until the "eve of trial" to move to dismiss. The defendants' primary concerns—expenditure of resources, extensive discovery conferences, and the delay

that will occur if the action is dismissed and then resumed in state court—alone are not sufficient to defeat a 41(a)(2) motion to dismiss.[3] Courts repeatedly state that the mere prospect of having to defend a second lawsuit is not sufficient to warrant denial of such a motion. *Zimpro,* 83 F.R.D. at 304; *see also Harvey Aluminum,* 15 F.R.D. at 18 ("A litigant should be permitted to discontinue his action upon appropriate terms even where his avowed purpose is to commence a new litigation upon the same issues in a forum allegedly more favorable to his claim."). Defendants are protected instead by that portion of Rule 41(a)(2) which provides that in granting a plaintiff's motion for voluntary dismissal, the court may impose such terms and conditions as it deems proper. *See Cross Westchester Dev. Corp. v. Chiulli,* 887 F.2d 431, 432 (2d Cir.1989); *Hunter v. Surgitek/Medical Engineering Corp.,* 1992 WL 165819, 1992 U.S. Dist. LEXIS 9696 (N.D.Ind. May 29, 1992).

 This court nevertheless finds substantial reason for denying plaintiff's motion. As noted above, the Workers' Compensation Board recently determined that plaintiff shared an employment relationship with M & C. Accordingly, as defendants note, the state action against M & C directly conflicts with Section 29 of the Workers' Compensation Law of the State of New York which makes workmen's compensation a complete defense to a civil action for damages. N.Y.Work.Comp.Law § 29(6) (McKinney 1993). While federal courts in general should not anticipate state court rulings, *Cross Westchester Development Corp.,* 887 F.2d at 432, in this instance, plaintiff justifies the motion at issue by a concern for judicial economy: he wishes to combine the two actions currently pending and cannot do so in federal court without defeating his diversity jurisdiction.[4] As a

---

**3.** The defendants assert throughout their pleadings and affidavits that the plaintiff has failed to meet disclosure deadlines and has complied reluctantly with requests for interrogatories and depositions. During the pendency of this case, the parties have appeared before Magistrate Azrack on three occasions. The first conference, on February 14, 1992, set the discovery

schedule, requiring its completion by May 15. The second meeting, on May 19, 1992, extended the discovery schedule to September, 16, and the third, on July 27, 1992, ordered plaintiff to reply to outstanding interrogatories and make himself available for a second deposition.

**4.** Although he worries about the state court defendant impleading the federal defendants,

result of the Board's determination, however, this reason no longer exists. If this court were to grant plaintiff's Rule 41(a)(2) motion, concerns for judicial economy would be eroded not furthered.

## CONCLUSION

On balance, the time and resources already expended by the parties to this action coupled with the dissipation of plaintiff's proffered justification for this motion lead this court to conclude that plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 41(a)(2). Accordingly, plaintiff's motion to dismiss without prejudice is hereby denied.

SO ORDERED.

Paul J. Campana, Asst. U.S. Atty., Buffalo, NY, for U.S.

Herbert L. Greenman, Buffalo, NY.

Michael M. Blotnik, Buffalo, NY, for defendant.

thereby producing mirror lawsuits, no such action has been taken in the two-year-old state case. Moreover, this court notes that plaintiff commenced his state court action prior to filing

his federal claims; it is unclear why he now decides to concern himself with judicial economy.