**UNITED STATES of America, Plaintiff,**

v.

**Alexander CHU, D.D.S., Defendant.**

**No. CV 94–3614(ADS).**

United States District Court,
E.D. New York.

May 3, 1997.

Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, NY by Randi S. Weinberg, Assistant United States Attorney.

Alexander Chu, Woodside, NY, pro se.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This lawsuit arises from the claims of the plaintiff, the United States of America (the "Government") that the defendant, Alexander Chu, D.D.S. ("Dr. Chu" or the "defendant") is liable for failure to repay school loans. The Government moves to dismiss its Complaint pursuant to Fed.R.Civ.P. 41(a)(2) and for summary judgment with respect to the defendant's counterclaim pursuant to Fed.R.Civ.P. 56.

The Government initiated this action to recover the student loans obtained by Dr. Chu through the Government sponsored Health Education Assistance Loan Program ("HEAL") 42 U.S.C. § 294 et seq. However, upon realizing that it is the assignee of certain state court default judgments entered upon the outstanding loans, the Government now seeks dismissal of this case in order to "enforce the state court judgments on the defendant's delinquent promissory notes in federal court pursuant to [42 U.S.C. § ] 292f(h)(3)."

I. *Background*

The following facts are taken from the various motion papers filed with the Court. On August 26, 1983 the defendant, then a student at Temple University School of Dentistry, applied for and received the first of four loans under the HEAL Program, a federally insured loan program administered by the Department of Health and Human Services that uses private lending institutions for loans to students in health professional schools. *See* 42 U.S.C. § 294 et seq. On October 20, 1983, the defendant executed a promissory note to First Eastern Bank ("First Eastern"), a private lender which approved the first $6,000 HEAL loan on October 31, 1983.

On November 19, 1984, the defendant, having transferred to New York University College of Dentistry, applied for and received another HEAL loan, this one administered through Chase Manhattan Bank ("Chase"), also a private lender. On December 27, 1984, Chase approved this second $6,000 HEAL loan. On January 16, 1985, the defendant executed a promissory note to Chase promising to repay the loan plus interest.

On December 18, 1984, the defendant applied for and received his third $6,000 HEAL loan. On January 23, 1985, Chase approved the loan and on March 4, 1985, Dr. Chu executed a corresponding promissory note. On August 27, 1985, the defendant once again applied for and received a final HEAL loan that was approved by Chase on September 26, 1985 in the sum of $10,000. The related promissory note was executed on September 30, 1985.

On March 26, 1991, the Student Loan Marketing Association ("Sallie Mae"), the assignee of the First Eastern's claim, obtained a default judgment against the defendant for failure to meet his debt obligation in the Civil Court of the City of New York, Queens County, index number 40783/89 in the amount of $12,687.46. On November 14, 1991, Sallie Mae assigned its claim to the Government. On September 3, 1992, Chase obtained a default judgment against defendant in the Supreme Court, Queens County index number 2064/89 in the sum of $40,-871.09. On September 16, 1992 Chase assigned its judgment to the Government as well.

On August 2, 1994 and September 9, 1994, private counsel, retained by the Government, commenced civil actions, case numbers CV 94–3614 and CV 94–4272, to recover the delinquent debts. These cases were subsequently consolidated under CV 94–3614. On February 9, 1995, the defendant filed an answer and counterclaim. According to the counterclaim, be was defrauded by both

Temple University and New York University. Apparently this fraud relates to Temple's failure to matriculate the defendant with "advanced standing" and NYU's "tamper[ing]" with his financial and academic records and "forc[ing him] to withdraw" from its program "as a retribution for making complaints...." According to the counterclaim, the Government is liable for violating Dr. Chu's civil rights because it somehow "acknowledg[ed]" these "tamperings."

## II. *Discussion*

### A. *The Government's motion to dismiss its Complaint*

 The Government moves to dismiss its Complaint pursuant to Fed.R.Civ.P. 41(a)(2), which provides:

(a) **Voluntary Dismissal: Effect Thereof**

\* \* \* \* \* \*

(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). Where the defendant has filed an answer and refused to stipulate to a voluntary dismissal without prejudice, the Court has the discretion to grant the plaintiff's motion upon such terms and conditions as it deems proper. *Zagano v. Fordham University,* 900 F.2d 12, 14 (2d Cir.), *cert. denied,* 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990); *Guzman v. Hazemag U.S.A., Inc.,* 145 F.R.D. 308, 309 (E.D.N.Y. 1993); *Read Corp. v. Bibco Equip. Corp.,* 145 F.R.D. 288, 289–90 (D.N.H.1993). The presumption in this circuit is that such motions

should be granted absent a showing of "substantial prejudice." *Guzman,* 145 F.R.D. at 309, citing, *Indu Craft, Inc. v. Bank of Baroda,* 1991 WL 107438 *4 (S.D.N.Y. June 11, 1991); *Zimpro Inc. v. United States Environmental Protection Agency,* 83 F.R.D. 302, 303 (N.D.N.Y.1979). In deciding a Rule 41(a)(2) motion, the following factors are relevant: the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on the plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; the duplicative expense of relitigation; and the adequacy of the plaintiff's explanation for the need to dismiss. *Zagano,* 900 F.2d at 14.

 The Government seeks to dismiss this case in order to enforce the two state court default judgments in federal court in lieu of proceeding with the instant action. *See Saud v. Bank of New York,* 929 F.2d 916, 919 (2d Cir.1991), quoting, *Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 455, 91 L.Ed. 488 (1947) ("'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata,* in the absence of fraud or collusion, even if obtained upon a default'"). According to its moving papers, the Government intends to invoke 42 U.S.C. § 292f(h)(3) which provides that:

(h) **Requirement regarding actions for default**

\* \* \* \* \* \*

(3) **State court judgments**

With respect to any State court judgment that is obtained by a lender or holder against a borrower for default on a loan insured under this subpart and that is subrogated to the United States under subsection (b) of this section, any United States attorney may register such judgment with the Federal courts for enforcement.

*Id.*

Applying these standards, the Court dismisses the Government's Complaint. At the outset, the Court recognizes that this case has been pending for close to three years, and that Government should have proceeded on the state court default judgments in the first instance. Nevertheless, despite this

lapse of time, the Court, in its discretion, finds that permitting this lawsuit to continue would be waste of time and resources. The defendant defaulted on his loans and the New York State courts have already entered default judgments accordingly. Although, the defendant claims that these judgments were "nefariously obtained," he admits that he was represented by an attorney in state court. Further he does not claim that he has attempted to have these judgments vacated or set aside. As a result, this group is bound by that those judgments and finds that dismissing the Complaint, even at this late stage would not prejudice the defendant. Accordingly, the Government's motion pursuant to Fed.R.Civ.P. 41(a)(2) is granted and the Complaint is dismissed.

B. *The Government's motion for summary judgment with respect to the defendant's counterclaim*

A court may grant a motion for summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact," *Cable Science Corp. v. Rochdale Village, Inc.,* 920 F.2d 147, 151 (2d Cir.1990), and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Once a party moves for summary judgment, in order to avoid the granting of the motion, the non-movant must come forward with specific facts showing that a genuine issue for trial exists. *Western World Ins. Co. v. Stack Oil, Inc.;* 922 F.2d 118, 121 (2d Cir.1990), quoting, Fed.R.Civ.P. 56(e); *National Union Fire Ins. Co. v. Turtur,* 892 F.2d 199, 203 (2d Cir.1989). A genuine issue of materia fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Converse v. General Motors Corp.,* 893 F.2d 513, 514 (2d Cir.1990). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991).

However, though the non-moving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment, Fed.R.Civ.P. 56(c) and (e) provide that the non-moving party cannot rest on the pleadings, but must set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. *United States v. Williams,* 864 F.Supp. 305, 311, quoting, *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Civ. P. 56(c) and (e).

 In his counterclaim, the defendant alleges that he was somehow defrauded by Temple University and New York University in violation of his civil rights, and that the Government should be held liable. According to the doctrine of sovereign immunity however, the United States cannot be sued without its consent. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940). There is no indication that the Government has consented to Dr. Chu's counterclaim by statute or otherwise. As a result, the Government's motion for summary judgment in its favor pursuant to Fed.R.Civ.P. 56 is granted and the defendant's counterclaim is dismissed.

In reaching these conclusions, the Court notes that Dr. Chu has responded to the Government's motions with his own "Motion For Dismissal," "Motion For Trial By Jury" and "Amendment to Complaint." None of these motions however, addresses the merits of the Government's arguments. Rather, they state in conclusory fashion that the defendant has somehow been "targeted" and "singled ... out" by Government agents and that he has acted in good faith. In the Court's view, Dr. Chu's position does not warrant either denying the Government's motions or granting him some type of affirmative relief. Accordingly, the defendant's cross motions are all denied.

### III. *Conclusion*

After receiving the submissions of both parties, and heard oral argument, and for the reasons set forth above, it is hereby

ORDERED, that the Government's motion to dismiss its Complaint pursuant to Fed. R.Civ.P. 41(a)(2) is granted; it is further

ORDERED, that the Government's motion for summary judgment dismissing the defendant's counterclaim pursuant to Fed.R.Civ.P. 56 is granted; it is further

ORDERED, that the defendant's cross motions are all denied; and it is further

ORDERED, that the Clerk of the Court is directed to close this civil case.

SO ORDERED.