**Juana VIADA, et al., Plaintiff,**

v.

**OSAKA HEALTH SPA, INC., et al., Defendants.**

**No. 04 Civ. 02744(VM).**

United States District Court, S.D. New York.

Oct. 20, 2005.

 

Haeyoung Yoon, Tony Y. Lu, New York, NY, Theodore Kevin Cheng, Loeb & Loeb LLP, New York, NY, for plaintiffs.

Daniel P. Smulewicz, Law Office Of Daniel P. Smulewicz, New York, NY, Andrew A. Kimler, Capell & Vishnick, LLP, Lake Success, NY, James P. Philbin, III, Morgan, Lewis And Bockius LLP (NY), New York, NY, Jonathan Yoon Sue, New York, NY, for defendants.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

By Order dated September 27, 2005, Magistrate Judge Kevin N. Fox, to whom this matter had been referred for pretrial supervision, issued a Report and Recommendation (the "Report") recommending that the Court grant the application of plaintiff Elena Zumba ("Zumba") made pursuant to Fed.R.Civ.P. 41(a)(2) to withdraw as a plaintiff in this action. The Report further recommended that the withdrawal be conditioned upon Zumba's providing defendants with her address so that, in the event it became necessary to do so during the course of the remaining litigation, a subpoena may be served upon her to compel her attendance at a deposition or at the trial of this action. Zumba's counsel filed a timely response objecting to this condition on the ground that counsel never had Zumba's address or knowledge of her whereabouts.

### II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. *See*

Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). "Where a party makes a 'specific written objection' within '[ten] days after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those part of the report." *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997) (quoting *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y. 1988).

## III. *DISCUSSION*

The Court finds that the facts set forth in the Report are supported by the record and are thus incorporated herein by reference. Having conducted a review of the full record, including, among other things, the Report and applicable legal authorities, the Court finds the findings, reasoning and legal support for the recommendations made in Report are not clearly erroneous. Insofar as Zumba's counsel objects to the condition the Magistrate Judge recommended, upon full review of the circumstances the Court finds the provision appropriate, and well within the discretion of the Court to impose. *See Zimpro Inc. v. United States Environmental Prot. Ag.,* 83 F.R.D. 302, 303 (N.D.N.Y.1979). Counsel should provide defendants whatever may be the latest contact information they have for Zumba. The Court also adopts Zumba's attorneys' proposal that they accept service of any deposition or trial subpoena on Zumba's behalf should one be served. Counsel should also undertake to forward any such subpoena to Zumba in the event her whereabouts become known to them.

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Kevin Fox dated September 27, 2005 (Docket No. 127) is adopted in its entirety, and the motion of plaintiff Elena Zumba to withdraw from this action without prejudice (Docket No. 67) is GRANTED.

## SO ORDERED.

## REPORT and RECOMMENDATION

FOX, United States Magistrate Judge.

■ In this action, brought under, *inter alia,* the Fair Labor Standards Act, the plaintiff Elena Zumba ("Zumba"), who joined the action as a party when the plaintiffs amended their original complaint, has made an application, pursuant to Fed. R.Civ.P. 41(a)(2), that she be permitted to withdraw as a plaintiff in this action. According to a declaration filed by Haeyoung Yoon, Esq., counsel to the plaintiffs, Zumba has determined that, "based upon her personal circumstances ... she no longer wishes to pursue this litigation."

Defendant Nam–Hi Lee ("Lee") is the only defendant in the action who opposes Zumba's application, notwithstanding the fact that counsel to the plaintiffs has submitted a facsimile copy of a stipulation executed by Lee through which she agreed that Zumba could withdraw as a plaintiff in the action. Lee now denies that she executed the stipulation and urges the court to deny the instant application because she wishes to examine Zumba orally at a deposition.

■ Fed.R.Civ.P. 41(a)(2), in its most pertinent part, informs that "an action

shall not be dismissed at the plaintiff's instance, save upon order of the court, and upon such terms and conditions as the court deems proper." The determination to grant an application for dismissal without prejudice, such as has been made by Zumba, is left to the discretion of the court. *Zimpro Inc. v. United States Environmental Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y.1979). "Although voluntary dismissal without prejudice is not a matter of right . . . the presumption in this circuit is that a court should grant a dismissal pursuant to [Fed.R.Civ.P.] 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 309 (E.D.N.Y.1993) (citations omitted).

The Second Circuit Court of Appeals has indicated that the following factors ought to be considered when determining whether to grant an application made pursuant to Fed.R.Civ.P. 41(a)(2): "The plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of the plaintiff's explanation for the need to dismiss". *See Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.1990). In *Zagano*, after four years of pretrial discovery activities, a date for trial was fixed. The week before the trial was scheduled to commence, the plaintiff moved for voluntary dismissal of the action pursuant to Fed.R.Civ.P. 41(a)(2). When the application was denied by the trial judge, the plaintiff refused to proceed with the trial and the action was dismissed.

The case at bar can be distinguished from *Zagano* in several respects. This case has been pending for approximately one year, not four. The pace at which the parties' pretrial discovery activities has progressed has been slowed by amended pleadings, withdrawals from the action by defense counsel and the poor health of two individual defendants. As a consequence, the action is not near that point at which a date for trial might be fixed. Consequently, it cannot be said that Zumba waited, as the plaintiff did in *Zagano*, until the eve of trial to make an application for dismissal pursuant to Fed.R.Civ.P. 41(a)(2). Furthermore, the Court is mindful that, except for one defendant, no protest has been made to Zumba's request to terminate her involvement in this action as a plaintiff. Indeed, the record before the Court contains evidence that the lone defendant who has registered a protest to the instant motion, Lee, at one point executed a stipulation agreeing to Zumba's departure from the action as a plaintiff. Lee now denies having executed the stipulation.

In any event, Lee's principal concern appears to be that if Zumba were allowed to withdraw as a plaintiff in this action, Lee's ability to examine her orally at a deposition would be lost. However, Lee's concern would be allayed if the court took action to ensure that Lee would be able to locate Zumba for the purpose of serving her a subpoena should Lee determine either to depose Zumba or to call her as a witness at trial without first seeking to examine her at a pretrial deposition. Fed.R.Civ.P. 41(a)(2) makes clear that an order of the court that allows a party to withdraw from an action may contain "such terms and conditions as the court deems proper." Therefore, the court may permit Zumba to withdraw from the action upon the condition that she provide the defendants with her address so that she may be served with a deposition or trial subpoena in the future.

Although Zumba's reason for withdrawing from the action as a plaintiff: "person-

al circumstances," is vague, the Court finds that, on the whole, after considering the various factors that *Zagano* instructs should be considered when weighing a motion made pursuant to Fed.R.Civ.P. 41(a)(2), the status of this action militates in favor of granting Zumba's application.

For the reasons set forth above, I recommend that the application made by Zumba, to withdraw from this action as a plaintiff, should be granted upon the condition that she provide the defendants with her address so that a subpoena may be served upon her should it be necessary to compel her attendance at a deposition or at the trial of this action.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, United States District Judge, 40 Centre Street, Room 414, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Cana-*

*dair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).